FILED
01 OCT 30 PM 12:24
U.S. DIST...
N.D. OF AL...

ENTERED
OCT 30 2001

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGIA GRAY HAMPTON, et al.,    }
                                 }
        Plaintiffs,               }
                                 }
v.                               }    CV 01-AR-1536-S
                                 }
SECRETARY, DEPARTMENT OF         }
VETERANS AFFAIRS,                }
                                 }
        Defendant.               }

**MEMORANDUM OPINION**

Presently before the court is a motion to dismiss or, in the alternative, motion for summary judgment filed by defendant, the Secretary of the Department of Veterans Affairs ("the Department"). For the reasons set forth below, the summary judgment motion of the Department is due to be partially granted.

I.   UNDISPUTED MATERIAL FACTS

Fifteen individual plaintiffs filed a putative class action against the Department on December 1, 2000, in the United States District Court for the District of Columbia. Plaintiffs asserted claims under 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1981a ("§ 1981a"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). Plaintiffs alleged that their employer, the Veterans Affairs Medical Center ("VAMC"), engaged in and followed racially discriminatory employment practices and policies. Specifically, plaintiffs claimed that the VAMC, with regard to African-American employees, failed to promote them, failed to inform them of job openings,



failed to adequately train them, retaliated against them, and subjected them to a hostile work environment. Plaintiffs (collectively "the employees"), all of them being African-American employees working at the VAMC in Birmingham, Alabama, purported to bring a class action on behalf of themselves as well as on behalf of all past and current African-American VAMC employees who have been or will be denied promotion, subjected to a hostile work environment, subjected to different terms and conditions of employment, and retaliated against because of the employer's pattern and practice of discriminating against African-Americans on the basis of their race.

Upon the unopposed motion of the Department, the District of Columbia court transferred the case to Northern District of Alabama. The Department has not answered the complaint, instead filing the now pending motion to dismiss and alternative motion for summary judgment. No response to the Department's motion has been filed by the employees.

Because the employees have failed to respond to the Department's motion, the Department's assertion that none of the named plaintiffs filed any formal administrative class complaints of discrimination is undisputed. However, fourteen of the fifteen named employees did file individual administrative complaints of discrimination, alleging various forms and means of discrimination. No records exist to reflect that the fifteenth

employee, Grace Mims ("Mims"), ever filed a formal administrative complaint of discrimination, either as an individual or as a class agent. The individual administrative complaints filed by fourteen of the employees have reached various stages of the administrative process, and some of those complaints have been administratively exhausted.

When a formal administrative complaint is filed, the complainant receives a standard document entitled, "Notice of Rights and Responsibilities." This document is to be signed by the complainant and the agency counselor addressing the discrimination claims. The notice informs complainants about the availability of and procedures for class action complaints. Specifically, the notice provides:

> If you believe that other individuals, similarly situated to you, have suffered from the same kind of discrimination, you may have the right to file a class action complaint. A class action complaint must allege that you have been individually harmed by a VA personnel management policy or practice which has similarly harmed numerous other class members. You must also allege that there are questions of fact that are common to, and typical of, the claims of the class, and that you or your representative will fairly and adequately protect the interest of the class. EEOC also requires that a qualified attorney represent a class agent.

The following named ten employees either failed to file a civil action within 90 days of receiving the final agency decision on their complaint, filed an individual administrative

complaint following the commencement of this lawsuit, or failed to allow the agency 180 days within which to render a final decision before commencing this civil action: Patricia Belton ("Belton"), Byron Clark ("Clark"), Kathleen Duncan, Michael Johnson ("Johnson"), Malinda Morrow-Kitchings ("Morrow-Kitchings"), Debra J. Pruitt ("Pruitt"), Gertrude M. Sanders ("Sanders"), Kathryn J. Shirley ("Shirley"), and Mary S. Williams ("Williams"). However, after allowing the agency 180 days to render a final agency decision on some of their individual administrative complaints and before a final decision was reached, Georgia Gray Hampton ("Hampton"), Doris Blue ("Blue"), Sandra Gardner ("Gardner"), and Devin White ("White") commenced this lawsuit on December 1, 2000. Hampton and Laurie Duncan commenced this civil action within 90 days of the final agency decision on other individual administrative complaints.

## II. ANALYSIS

Congress expanded the coverage of Title VII to include employees of federal executive agencies in 1972, when it enacted 42 U.S.C. § 2000e-16. Enforcement of this section of Title VII involves several specific and detailed administrative and judicial enforcement mechanisms. In short, the administrative enforcement procedures require an aggrieved party to initiate the complaint by contacting the employing agency's EEO counselor within 45 days of the discriminatory conduct. 29 C.F.R. §

1614.105. If the complaint cannot be resolved informally, a written complaint must be filed within 15 days of receiving notice of the counselor's failure to resolve the matter. *Id.*; 29 C.F.R. § 1614.204. At this point, the procedures for individual and class complaints begin to diverge.

With an individual complaint, the counselor submits the written formal charge to the relevant governmental agency or department. *Id.* Once a complaint is accepted, the agency begins the investigative stage of the administrative process. 29 C.F.R. § 1614.108. The individual complainant can then choose between submitting to a hearing before the EEOC administrative judge, who submits recommendations to the agency, or seeking a final decision by the agency without a hearing. Upon receiving notice of final action by a department or agency, or after 180 days from the filing of the initial administrative complaint and until final action is taken, an employee may file a civil action in federal district court. 29 C.F.R. § 1614.407. Once final action is taken by the agency, however, the 90 day filing period begins to run. *Id.*

In a class complaint, the formal written charge must designate someone as a class agent, and the agency must then designate an agency representative. 29 C.F.R. § 1614.204. The department must refer the complaint to the EEOC within 40 days of receiving it so that the EEOC can issue a recommendation as to

whether the complaint should proceed as a class action. *Id.* The class must meet the requirements of numerosity, commonality, typicality, and adequacy of representation. *Id.* Once the department receives the EEOC's recommendations, it has 30 days to accept or dismiss the class complaint. *Id.* If the agency rejects class action treatment of the complaint, then the case is treated as an individual complaint. *Id.* If the class is accepted, then the case proceeds with investigation, hearings, and final action. *Id.*

Regardless of the differences between the administrative procedures for individual and class action complaints, one principle holds true for all Title VII complaints of discrimination by an employing, federal governmental agency or department: the administrative processes with the agency or department that has allegedly engaged in discrimination must be exhausted. *See Brown v. General Services Administration*, 428 U.S. 820, 832 (1976); *Grier v. Secretary of the Army*, 799 F.2d 721, 724 (11th Cir. 1986). These administrative procedures are preconditions to the right to sue in civil court, and failure to exhaust them will be fatal to a Title VII discrimination claim asserted by an employee of an executive branch agency or department. *Brown,* 428 U.S. at 832-35.

A. <u>Title VII Class Action</u>

Since April 18, 1977, the effective date of Civil Service

Commission regulations regarding class action administrative complaints, an individual plaintiff can no longer rely on the exhaustion of the individual administrative remedies to support a filing of a class claim. *Lewis v. Smith*, 731 F.2d 1535, 1540 (11th Cir. 1984). Rather, "a federal employee plaintiff seeking to litigate class claims of Title VII discrimination in federal court is required to have exhausted administrative remedies relating to class complaints." *Wade v. Secretary of the Army*, 796 F.2d 1369, 1373 (11th Cir. 1986). Although some of the employees in the instant action have exhausted the individual administrative processes, none of the employees have filed a formal class action complaint of discrimination. Because the employees failed to exhaust the class action administrative process, summary judgment for the Department regarding a purported class action is due to be granted.

Not only have the employees failed to exhaust the class action administrative procedures, they have completely failed to properly **commence** a class action administrative proceeding. Although this failure alone is sufficient to indicate to the court that these employees are not adequate class representatives, there is more. The employees failed to respond to the dispositive motion now at issue. The employees failed to file the action in the proper venue. Though this case was transferred by order dated March 15, 2001, and though the

7

employees are required as class representatives to have a qualified attorney, no such attorney had been admitted to practice in this court as of June 20, 2001 (three months following the order transferring the case), when the court ordered and directed the Clerk to notify counsel for the employees of the requirements for admission *pro hac vice*. Rather than promptly moving this court for admission *pro hac vice* so that the employees would be in compliance with the EEOC regulation requiring qualified counsel for class agents, counsel for the employees waited an additional eight weeks and until the Department filed the motion now pending before seeking admission to this court. If there was previously any doubt as to whether the class action aspect of the complaint should be dismissed by summary judgment, such doubt was removed solely by the inadequacy of the employees' performance as "would be" class representatives.

    B.   <u>Individual Title VII Actions</u>

It bears repeating that a prerequisite to a plaintiff's filing a civil action under Title VII against a federal governmental department is the exhaustion of all administrative processes. *See Brown,* 428 U.S. at 832. Because Mims never filed an administrative complaint and thus did not exhaust the administrative procedures, her Title VII action must fail. Consequently, the Department is entitled to summary judgment on

all claims asserted by Mims.

Although some of the employees have received final agency decisions and thus have exhausted their administrative remedies, some of them lost their right to file a civil action when they failed to commence a civil suit within 90 days of the final agency decision. The final departmental decision on Belton's administrative complaint was rendered on October 28, 1998. The 90 day limitations period expired long before this civil action was filed on December 1, 2000. Similarly, the 90 day limitations period had expired for Johnson, Sanders, Shirley, Morrow-Kitchings, and Pruitt when they filed this civil action on December 1, 2000. The final agency decisions for Johnson and Sanders were rendered respectively on July 22, 1999, and July 17, 2000. The date of the final departmental decision regarding Shirley's complaint was September 1, 2000, and the 90 day filing period ended on November 30, 2000--just one day prior to the commencement of this litigation. Morrow-Kitchings filed two administrative complaints, but because the final agency decisions were rendered on February 16, 2000, and May 31, 2000, more than 90 days had passed by December 1, 2000. Pruitt also filed two administrative complaints; the Department made its final decisions on those complaints on October 9, 1998, and March 22, 2000. Consequently, the 90 day period during which Pruitt could have filed a civil suit expired before December 1, 2000.

Although no final departmental decision was rendered on Clark's administrative complaint, the complaint was settled in September 1999. Because this civil suit was filed more than a year later, Clark's claims must fail. Kathleen Duncan likewise cannot proceed as an individual plaintiff in this civil suit. Final decisions were rendered in September 1999, and October 1999, on two of Kathleen Duncan's administrative complaints; she thereafter failed to file this civil action within 90 days. She filed a third administrative complaint in July 2000, but she did not allow the agency 180 days to reach a decision before this civil action was commenced. Kathleen Duncan filed a fourth administrative complaint after commencing this civil action, and thus that complaint is irrelevant to the instant litigation. Williams filed an administrative complaint on November 8, 2000, and this suit was filed on December 1, 2000. Therefore, she cannot proceed as a plaintiff in this suit because she failed to allow the Department 180 days to render a decision. To summarize, because this lawsuit was not filed timely in relationship to the administrative complaints of Belton, Clark, Kathleen Duncan, Johnson, Morrow-Kitchings, Pruitt, Sanders, Shirley, and Williams, there is no genuine issue of material fact and the Department is entitled to judgment as a matter of law. Therefore, summary judgment for the Department is due to be granted regarding the individual Title VII complaints of the ten

aforementioned employees and Mims, who never filed any administrative complaint.

The failure of the suit as it pertains to the aforementioned ten employees does not spell doom for all of the employees. Hampton, Blue, Laurie Duncan, Gardner, and White are entitled to proceed as individual plaintiffs because they appear to have exhausted their administrative procedures and because they timely commenced this suit. The Department rendered a final decision on Hampton's administrative complaint on November 20, 2000. Consequently, this civil action was commenced within the proscribed 90 day period. Hampton also filed an administrative complaint on December 24, 1998. By December 1, 2000, when this suit was commenced, no final decision had been reached, and the 180 day "waiting period" following the filing of the administrative complaint had expired. Thus, this lawsuit was timely filed as it pertains to Hampton. Blue filed five administrative complaints. Three of these complaints were filed on January 13, 1998, April 5, 1999, and March 31, 2000. Therefore, this suit was filed after the expiration of the 180 day "waiting period" attached to those three charges, and Blue can proceed with her Title VII claim. Laurie Duncan filed three administrative complaints, and the final decisions on two of those complaints were rendered on October 11, 2000, and November 8, 2000. This suit was therefore timely commenced before the 90

day limitations period ended.  Gardner filed an administrative complaint on February 2, 2000.  Because this suit was filed after allowing the Department 180 days during which to make a decision on the matter, this civil suit was timely filed, and Gardner's Title VII claims will survive the motion by the Department for summary judgment.  Similarly, the Title VII claims asserted by White must go forward because, in filing suit on December 1, 2000, she allowed 180 days to elapse after filing her administrative complaint on April 19, 2000.  Because the Department has failed to produce evidence establishing its entitlement to summary judgment on the individual Title VII claims of Hampton, Blue, Laurie Duncan, Gardner, and White, summary judgment for the Department cannot be fully granted.

    C.   <u>Section 1981 and Section 1981a Claims</u>

As is apparent from the employees' failure to file a formal class action administrative complaint before filing suit in federal district court and as is now apparent from the assertion of § 1981 claims, counsel for the employees must not have taken the opportunity to find or review the decision of the Supreme Court of the United States in *Brown v. General Services Administration*, 425 U.S. 820 (1976).  Had counsel read this decision, they would know the following: "[Section] 717 of the Civil Rights Act of 1964, as amended [42 U.S.C. § 2000e-16], provides the exclusive judicial remedy for claims of

discrimination in federal employment." *Brown*, 425 U.S. at 835. If this rule had been known and had not been ignored, a § 1981 claim would not have been pled.  This court will give plaintiffs' counsel the benefit of the doubt and attribute their invocation of § 1981 to ignorance and will not interpret it as a violation of Rule 11.

Section 1981a provides for the recovery of damages in Title VII actions against a party who engaged in unlawful intentional discrimination when the plaintiff cannot recover under § 1981. However, because the Title VII action cannot proceed as a class action and cannot be pursued by individual employees, except Hampton, Blue, Laurie Duncan, Gardner, and White, no recovery is now due under § 1981a.  Consequently, as this § 1981a claim pertains to the purported class and to Mims, Belton, Clark, Kathleen Duncan, Johnson, Morrow-Kitchings, Pruitt, Sanders, Shirley, and Williams, summary judgment for the Department will be granted.

### III.   CONCLUSION

For the foregoing reasons, this court concludes that summary judgment for the Department on the class action claims, on all § 1981 claims, and on the individual Title VII claims asserted by Mims, Belton, Clark, Kathleen Duncan, Johnson, Morrow-Kitchings, Pruitt, Sanders, Shirley, and Williams is proper.  Summary judgment for the Department will not yet be granted on the

individual Title VII and § 1981a claims of Hampton, Blue, Laurie Duncan, Gardner, and White. The alternative motion of the Department to dismiss the action is moot. A separate and appropriate order will be entered.

    DONE this __30th__ day of October 2001.

                                        /s/ William M. Acker
                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE