*FILED*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*03 JAN -3 PM 3: 11*

*U.S. DISTRICT COURT
N.D. OF ALABAMA*

GEORGIA GRAY HAMPTON, et al., )
)
      Plaintiffs, )
)
v. )      CV 01-AR-1536-S
)
SECRETARY, DEPARTMENT OF )
VETERANS AFFAIRS, )
)
      Defendant. )

*ENTERED*

*JAN 3 2003*

### MEMORANDUM OPINION

Before the court is a motion for summary judgment filed by
defendant, Secretary of the Department of Veterans Affairs ("the
Department"). Plaintiffs, Georgia Gray Hampton, Doris Blue,
Laurie Duncan, Sandra Gardner, Devin White, Mary S. Williams, and
Kathleen Duncan, collectively ("the Employees"), are the
remaining claimants in what was a putative class action
originally filed by fifteen black individuals of both genders
against the Department on December 1, 2000, in the United States
District Court for the District of Columbia. Plaintiffs, who are
employees of the Veterans Affairs Medical Center in Birmingham,
Alabama, make claims under Title VII of the Civil Rights Act of
1964, as amended, 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. §
1981a.

The action was transferred to this court on March 15, 2001,
upon the unopposed motion of the Department. The file was

1

received by this court from the transferor court on June 13, 2001.  Rather than to answer, the Department filed a motion to dismiss or, in the alternative, for summary judgment.  The Employees did not respond.  Because of their failure to respond, the Department asserted that it was undisputed that none of the named plaintiffs filed any formal individual and/or class administrative complaints of discrimination, and urged the court to dismiss the action.  The court, nevertheless, looked at each individual Title VII claim to determine whether the plaintiff had exhausted his or her administrative remedies.  The court thereupon dismissed the class aspect, all § 1981 claims, and ten of the plaintiffs' Title VII claims, finding that no genuine issue of any material fact existed as to such claims.  The court determined that five of the Employees had successfully exhausted their administrative remedies as to some of their claims.  As to those claims the court denied summary judgment at that juncture. The claims of two individuals were initially dismissed, but were reinstated on December 19, 2002, after they exhausted their administrative remedies.  The individual claims of the remaining seven employees are now being challenged by the Department's new motion for summary judgment.

A scheduling order was entered on February 22, 2002. Discovery deadlines for responses to interrogatories, requests for admissions, and requests for production required responses

2

within forty-five days.  The Department served its combined

discovery upon the Employees on April 17, 2002.  The Employees

were therefore required to respond by June 4, 2002, forty-five

days thereafter, plus three days for mailing.  The Employees

failed to respond by June 4, 2002.  On June 7, 2002, the

Department filed what it termed a "Notice of Default of

Plaintiffs' Discovery Obligations and Waiver of Objections to

Combined Discovery."  In its "Notice of Default" the Department

pointed out that because the Employees had not responded by the

discovery deadline of June 4, 2002, all requests for admissions

were deemed admitted by operation of law.  Attached to its

"Notice of Default" were two letters concerning discovery, one

written by counsel for the Employees on May 15, 2002, requesting

more time, and a letter by counsel for the Department dated May

20, 2002, refusing the said request.  The Employees did not

respond to the Department's "Notice of Default" until July 16,

2002.  Attached to the Employees' response was a letter dated

June 10, 2002, to counsel for the Department attempting to work

out alleged discovery problems.  In that letter counsel for the

Employees requested that they be given until the week of July 15,

2002, to submit responses to production requests, and until the

week of July 29, 2002, for plaintiffs to submit to depositions.

Attached to the Department's reply was a letter from the

Department that was faxed to counsel for the Employees on June

3

10, 2002, asserting that the Employees had already made binding admissions and had waived all objections to discovery requests. On July 29, 2002, counsel for the Employees purported to respond belatedly to the Department's discovery requests, at which time the Department took the depositions of the Employees on a very limited basis.

On August 20, 2002, the court entered an order advising the parties that it would ignore what the court found to be confusing papers filed by the parties, but would rule on future motions if and they sought specific relief.  The only motions filed after the court's said order are the Department's present motion for summary judgment and the Employees' motion to supplement the record, granted on December 19, 2002.

As noted, depositions of the Employees were taken by the Department on July 29, 2002.  Rather than to interrogate plaintiffs on the merits of their claims, the Department simply presented each plaintiff with a copy of the Department's discovery requests, informed each plaintiff of her failure to respond timely, and obtained an acknowledgment of that failure. No motion to withdraw or to amend the deemed admissions has ever been filed by any of the Employees.  Instead, counsel for the Employees have responded to the Department's motion for summary judgment by the expedient of submitting purported amended discovery responses along with deposition testimony and

4

affidavits, some of them unsworn.

The Department relies exclusively on the Employees' default admissions as its basis for summary judgment.  The Department urges a dismissal of all claims because there are no genuine issues of fact in light of plaintiffs' admissions pursuant to Rule 36(b), F.R.Civ.P.

On December 19, 2002, the court noticed that a letter dated October 26, 2002, and received by the court from Mr. Thompson, one of counsel for the Employees, had not been filed with the Clerk and was not served on counsel for the Department.  The court thereupon directed the Clerk to file the letter, and to serve it on counsel for the Department.  The letter was the Employees' attempt to respond to this court's order of October 21, 2002, respecting the strange circumstances surrounding the fabrication of an order purportedly signed by Honorable Lynwood Smith of this court and dated September 30, 2002, and stamped "FILED."  Mr. Thompson's letter, *inter alia*, constitutes an admission by the Employees that at least one of them committed a fraud on the court, forged a court document, and is guilty of a felony.  The letter does not reveal which plaintiff was so aggressively stupid.  It appears that counsel for the Employees actually drafted the purported motion and order dated September 30, 2002  The signatures of both of counsel on the purported motion and **on the certificate of service** are undeniably

authentic.  There can be no satisfactory explanation for an executed certificate of service on a motion that was never actually mailed to opposing counsel and that received the stamp "FILED" by some unknown hand.

The Employees seem to argue that summary judgment should be denied because it would be unfair to deem all of the Department's requests for admissions admitted.  The Employees say that, after all, they finally got around to responding to the Department's discovery requests after an unsuccessful attempt to work out discovery problems.

The court shares the Department's frustration with the Employees' and their counsels' performance.  The court cannot rule on a non-existent motion from the Employees to withdraw or to amend their admissions.  If the Employees' failure to file timely responses to the Department's requests for admissions could be excused (something the court doubts), there certainly is no excuse for the Employees not having filed a motion to withdraw or to amend their admissions.  The court cannot act as counsel to the Employees, particularly when at least one of them forged the signature of a judge of this court on an order that purported to extend discovery.

Rule 36(b) provides, *inter alia*:

Any matter admitted under this rule **is conclusively established unless the court on motion permits withdrawal or amendment** of the admission.

6

(emphasis supplied).

Without a motion seeking a withdrawal of or an amendment to the Employees' admissions, the court has no vehicle by which it could avoid the conclusive establishment of the admitted facts, even if the court were willing to do so.  When dispositive facts have been conclusively established, Rule 56 controls the outcome.

Even if the Employees were not bound by their admissions under Rule 36(b), they would face several substantial problems under a Rule 56 examination.  Fortunately, under the procedural circumstances it is not necessary for the court to conduct an inquiry beyond the application of Rule 36(b).  An example of the Employees' problems beyond the Rule 36(b) admissions is plaintiff White's lack of any response whatsoever to the Department's motion for summary judgment, even no reference by her to the other Employees' untimely evidentiary materials.  If the reason White has confessed the Department's Rule 56 motion is that she was the forger, she does not admit it.

The court can understand why the Department does not spend any time arguing its motion for summary judgment with reference to the Employees' belatedly filed evidentiary materials that, if considered, would contradict the Employees' Rule 36(b) admissions.  The court agrees with the Department that the Employees' admissions foreclose such an inquiry.

The Department's motion for summary judgment will be granted

7

on the basis of Rule 36(b) and the attempt to obtain an extension of discovery by fraud on the court.

DONE this ___3ʳᵈ___ day of January, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

8